IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RICCO SEARS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Civ. No. 14-1268 |
| v. | ) | Crim. No. 08-229 |
| | ) | Crim. No. 08-297 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

CONTI, Chief District Judge

### I. INTRODUCTION

On March 1, 2016, the court denied the *pro se* motion to vacate, set aside, or correct a sentence filed by petitioner Ricco Sears ("petitioner") without prejudice, pursuant to 28 U.S.C. § 2255. (Civ. No. 14-1268, ECF Nos. 1, 2.) In error, the court did not determine whether a certificate of appealability ("COA") should issue in this case, pursuant to 28 U.S.C. § 2253 and 3d Cir. L.A.R. 22.2.

On March 15, 2016, petitioner filed a notice of appeal of this court's March 1, 2016 order denying his § 2255 motion. (Crim. No. 08-229, ECF No. 123; Crim. No. 08-297, ECF No. 96.)

On May 13, 2016, the United States Court of Appeals for the Third Circuit remanded this matter to this court for the sole purpose of either issuing a COA or stating reasons why a COA should not issue. (Crim. No. 08-229, ECF No. 125;

1

Crim. No. 08-297, ECF No. 98.) In response to the court of appeals' remand order, this memorandum order addresses whether a COA should issue in this case.

**II.     ANALYSIS**

"Before an appeal may be entertained, a prisoner who was denied *habeas* relief in the district court must first seek and obtain a COA from a circuit justice or judge." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals . . . .'" *Id.* (quoting 28 U.S.C. § 2253(c)(1)). By local rule, when a district court issues a final order denying a § 2255 motion, the court must determine whether a COA should issue. *See* 3d Cir. L.A.R. 22.2.

When a district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). In *Slack*, however, the United States Supreme Court held that

> [w]here a *plain procedural bar* is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition

2

or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* (emphasis added).

Based upon the motion, files, and records of petitioner's case, and for the reasons set forth in the court's opinion dated March 1, 2016—*see* (Civ. No. 14-1268, ECF No. 1)—the court concludes that a "plain procedural bar" applies to petitioner's § 2255 motion, pursuant to 28 U.S.C. § 2255(a). *Id.* As the court explained in its March 1, 2016 opinion, § 2255(a) does not grant the undersigned district judge authority to vacate or alter the sentences imposed by the other district judge at criminal numbers 12-200 and 12-309. Petitioner may only "move the court *which imposed* [*those*] *sentence*[*s*] to vacate, set aside[,] or correct" them. 28 U.S.C. § 2255(a) (emphasis added). Consequently, a "plain procedural bar" applies to petitioner's § 2255 motion in this case, and a COA should not issue.[1] *See Slack*, 529 U.S. at 484–85.

### III. CONCLUSION

For the reasons set forth in this memorandum order, it is hereby ORDERED that a COA should not issue in this case.

---

[1] The court notes that petitioner filed a renewed § 2255 motion in the 12-200 and 12-309 cases raising the same challenges under 28 U.S.C. § 3584(a) and *Strickland v. Washington*, 466 U.S. 668 (1984), that he raised in this § 2255 motion. (Crim. No. 12-200, ECF No. 490; Crim. No. 12-309, ECF No. 62.) That motion currently pends before the district judge presiding over the 12-200 and 12-309 cases.

3

**DATED**: May 13, 2016

/s/ **JOY FLOWERS CONTI**
Joy Flowers Conti
Chief United States District Judge

**CC**:

Ricco Sears (#09877-068)
FCI Beckley
P.O. Box 350
Beaver, WV 25813